UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERLIN JASMANY ORTIZ-REYES,
#958755

    Petitioner,                                 Civil Action No. 18-CV-11987

vs.                                         HON. BERNARD A. FRIEDMAN

CONNIE HORTON,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITIONER'S REQUEST TO
EXTEND THE FILING DEADLINE FOR A NOTICE OF APPEAL</u>**

This matter is presently before the Court on petitioner's July 18, 2021, letter to the Court's Clerk regarding the appeal deadline in this case (ECF No. 10). Petitioner wishes to appeal this Court's judgment, entered on October 22, 2020, denying his petition for a writ of habeas corpus. In the instant letter, petitioner acknowledges that he "had 30-days to file [his] Notice of Appeal with this Court . . . [and that] [t]he 30[]days . . . would have expired November 22, 2020." However, due to COVID-19-related restrictions at petitioner's prison facility, he requests that the Court "allow [him] to submit a Notice of Appeal and not be penalized by having this Court dismiss [his] Notice [of] Appeal as being untimely." Petitioner does not indicate why he was unable to file a notice of appeal by the November 22 deadline.

The Court construes petitioner's letter as a motion to extend the time during which he may file a notice of appeal. Pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." As relevant to this case, the Federal Rules of Appellate Procedure also allow for various possible filing extensions. First, Rule 4(c) provides the following filing extension to inmates confined in an institution:

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Second, Rule 5(A) allows a district court to extend the time to file a notice of appeal if

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Finally, Rule 6 allows a district court to reopen the time to file an appeal for a 14-day period if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

In the instant letter, petitioner requests that the Court allow him to file a notice of appeal 269 days after the entry of the judgment he seeks to appeal. Petitioner does not indicate that

he did not receive notice of the entry of the judgment within 21 days after entry, nor does he provide any explanation for the prolonged delay in seeking to extend the filing deadline. Rather, petitioner states that he was not previously aware of his filing deadline and that access to the law library has been limited in light of the COVID-19 pandemic. The Federal Rules of Appellate Procedure do not allow for such a belated appeal, and the Court has no authority to "allow [him] to submit a Notice of Appeal and not be penalized," as petitioner requests.[1] Accordingly,

       IT IS ORDERED that petitioner's request to extend the filing deadline for a notice of appeal is denied.

Dated: September 2, 2021  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2021.

Erlin Jasmany Ortiz-Reyes #958755  
Chippewa Correctional Facility  
4269 W. M-80  
Kincheloe, MI 49784

s/Johnetta M. Curry-Williams  
Case Manager

---

[1] While the Court cannot extend the filing deadline, petitioner is nonetheless free to file a notice of appeal. It is for the court of appeals, not this Court, to act on notices of appeal.